Paige & others *v.* Parker.

JAMES W. PAIGE & others *vs.* WILLIAM PARKER, 2d.

A guaranty, delivered by the guarantor to the guarantee, of the payment of any sales to be made to a third person, binds the guarantor, without proof of a promise of the guarantee to make such sales, or of formal notice of the acceptance of it, or of notice to the guarantor of each sale as it is made.

A notice of the amounts due under a guaranty, and of a demand upon the principal and his refusal to pay, made before suing on the guaranty, is sufficient, if it does not appear that the defendant had suffered any loss by the delay.

ACTION OF CONTRACT by the assignees in insolvency of T. W. Blodgett & Company, upon a guaranty, dated the 29th of November 1852, the material parts of which were thus: " The said William Parker, 2d, for value received, and in consideration of sales made or to be made to Rutha Ann and Elizabeth Stocker, of Saugus, doth hereby guaranty unto J. W.

Blodgett & Company, the prompt payment, at maturity, by said Rutha Ann and Elizabeth Stocker, of any and all sums of money which shall be or become due and payable to them on account of such purchases " to the amount of five hundred dollars. " This guaranty shall apply to all purchases which may be made by said R. A. & E. Stocker of said J. W. Blodgett & Company, before written notice shall be given by said Parker to them of the withdrawal thereof as to future purchases."

At the trial in the superior court at January term 1856 before *Abbott*, J., there was evidence that the guaranty was signed by the defendant at its date, in the store of J. W. Blodgett & Company, and left with them; that the Stockers were not present at the time of the signing, and that Blodgett & Company did not then make any promise to sell them goods, but afterwards, on the faith of the guaranty, made sales to them on six months' credit; but no notice was given to the defendant, either of the commencement of sales, or of sales from time to time, until the 10th of August 1853, after all the sales had been made, when the following letter was written by Blodgett & Company to the defendant: " We wish you to call and see us in relation to your guaranty for the Misses Stocker; they do not pay up promptly."

It also appeared that Blodgett & Company, in January 1854, brought an action against the Stockers for the price of the goods sold them, and obtained judgment therein, but could collect nothing under the execution; and that the plaintiff, on the 8th of December 1854, before bringing this suit, gave formal notice to the defendant of said sales, and of a demand upon the Stockers and their refusal to pay, and demanded of the defendant the amount due.

The defendant asked the court to instruct the jury that in order to maintain this action Blodgett & Company should have given notice to the defendant of a commencement of sales to the Stockers upon the faith of the guaranty, and of the subsequent sales from time to time as they were made, and that the letter of August 10th was not such notice or demand.

The court declined so to instruct the jury, and instructed them that if the guaranty was signed by the defendant and by him delivered to the plaintiffs at that time, no notice was required to be given by Blodgett & Company to the defendant, either of the commencement of sales upon the faith of the guaranty, or of the sales made from time to time, and that, taking the testimony to be true, sufficient notice was given to the defendant by Blodgett & Company of the failure of the Stockers to pay, before the commencement of this action, and a sufficient demand was made.

Under these instructions a verdict was taken for the plaintiffs, and the defendants alleged exceptions.

*O. Stevens,* for the defendant, cited *Wildes* v. *Savage,* 1 Story R. 22; *Edmanston* v. *Drake,* 5 Pet. 624; *Douglass* v. *Reynolds,* 7 Pet. 126, and 12 Pet. 497; *Lee* v. *Dick,* 10 Pet. 482; *Adams* v. *Jones,* 12 Pet. 207; *Bell* v. *Kellar,* 13 B. Mon. 381; *Norton* v. *Eastman,* 4 Greenl. 526; *Tuckerman* v. *French,* 7 Greenl. 117; *Craft* v. *Isham,* 13 Conn. 28; *Cremer* v. *Higginson,* 1 Mason, 340; *Clark* v. *Remington,* 11 Met. 361.

*J. D. Ball,* for the plaintiffs.

METCALF, J. The first suggestion made by the defendant in support of these exceptions is, that the contract was not binding on him, because it was not binding on Blodgett & Company when it was made; they not having then promised to sell upon the faith of the guaranty. But it is a common learning, that there are valid contracts which are not binding on both parties at the time when made. In *Morton* v. *Burn,* 7 Ad. & El. 23, Patteson, J. said: " Suppose I say, if you will furnish goods to a third person, I will guaranty the payment; there you are not bound to furnish them; yet, if you do furnish them in pursuance of the contract, you may sue me on my guaranty." In *Kennaway* v. *Treleavan,* 5 M. & W. 501, Parke, B. made a similar statement of this familiar law.

The next point taken by the defendant is, that Blodgett & Company did not give him notice that they had accepted his guaranty. On this point, a distinction, which is sometimes overlooked, is to be taken between a guaranty and an offer of a

guaranty. In the case of an offer of a guaranty, as in the case of any other offer or proposal, an acceptance thereof, seasonably made known to the party offering, is necessary to the completion of the contract. But express notice of the acceptance of an absolute guaranty is not always, if ever, necessary for the purpose of binding the guarantor. In the State of New York, the courts hold that no notice of acceptance is necessary, when a guaranty is absolute. *Union Bank* v. *Coster*, 3 Comst. 212. See also *Farmers & Mechanics' Bank* v. *Kercheval*, 2 Mich. 511. However this may be, we are of opinion that the defendant, in this case, had notice that his guaranty was accepted. An absolute guaranty was written by Blodgett & Company, in their store, and for their benefit; the defendant signed it there, and left it with them as a completed contract; and they retained it. This was an acceptance by them, of which he must be held to have notice. As was said by Storrs, J., in *New Haven County Bank* v. *Mitchell*, 15 Conn. 219, a formal notice of acceptance, in addition to this, would have been an act of supererogation. We are satisfied with the reasons given for the decision in that case, which is not distinguishable from this. The distinction is there well shown between a guaranty like this and the numerous cases that have been decided on letters of credit, where express notice of acceptance has been held necessary in order to charge the party signing them.

The defendant objects further, that he is not bound by his guaranty, because he did not receive notice, from time to time, of the sales made to R. A. & E. Stocker. This objection was not pressed, and it has no force. The decisions are uniform, that after acceptance of a continuing guaranty like this, of payment for goods to be sold, the seller ordinarily need not give the guarantor notice of the sales made, until a reasonable time after default made by the buyer. There is nothing in this case which takes it out of the ordinary rule of law. *Douglas* v. *Reynolds*, 7 Pet. 126. *Wildes* v. *Savage*, 1 Story R. 32. *Craft* v. *Isham*, 13 Conn. 36, 37. *Clark* v. *Remington*, 11 Met. 365. *Howe* v. *Nickels*, 22 Maine, 179.

The last point made by the defendant is, that he had not,

before action brought, notice in due form and in due season, of the amount claimed of him under his guaranty. We think he had. The notice given to him on the 8th of December 1854 contained a full statement of the account between Blodgett & Company and R. A. & E. Stocker, and a special demand on him for payment. This brings the case within the decision in *Curtis* v. *Hubbard*, 9 Met. 322. The notice was also seasonable; it not appearing that the defendant suffered any loss by reason of not receiving it earlier. Such is the established doctrine in this commonwealth. *Salisbury* v. *Hale*, 12 Pick. 424. *Bickford* v. *Gibbs*, 8 Cush. 156.   *Exceptions overruled.*